LINDA HERRON, Plaintiff-Appellee, v. MAGNA GROUP, INC., Defendant-Appellant.

Fifth District   No. 5—94—0610

Opinion filed May 19, 1995.

40

Ann K. Budd, of Magna Group, Inc., of St. Louis, Missouri, for appellant.

Rene M. Bassett, of Bassett Law Office, P.C., of Wood River, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

From October 13, 1992, through October 13, 1993, Linda Herron worked for Magna Group, Inc. (Magna Group), in the company's Illinois office. Magna Group closed its Illinois office in late 1993, and Herron was given the option of transferring to a Missouri branch or terminating her employment. On November 1, 1993, Herron transferred to a Magna Group office located in Missouri. Plaintiff resigned on December 3, 1993. Magna Group refused to pay Herron for any of her unused 1993 vacation time. Herron brought this action to recover vacation time accrued during her employment in Illinois in 1993. The trial court awarded Herron $1,078.77. We affirm.

According to Magna Group's employee handbook:

"*If employed in the State of Illinois*, an employee who is discharged or resigned is entitled to be paid all earned vacation time not taken at the time of separation at their final rate of pay. For *all* time worked (full completed months) during a particular year, employees earn a pro-rata portion of their vacation entitlement that they will be eligible to take the following year. *No employment contract or policy can provide for forfeiture of earned vacation time upon separation* under the Illinois law. Court interpretations of the Illinois law requires [*sic*] payment of accrued vacation benefits to terminated employees on a pro-rata basis." (Emphasis added.)

Magna Group contends that Illinois law does not apply in this case because plaintiff was a Missouri employee when she left Magna Group. Magna Group argues that Herron's status as a Missouri employee at the time of her resignation operated as a forfeiture of

otherwise-earned vacation pay because Missouri law provides that the terms of the employment policy govern the calculation of vacation pay benefits upon termination, and defendant's employment policy provides that employees working outside of Illinois are not entitled to earned vacation. Magna Group concedes that it would owe plaintiff the amount claimed if she had been employed in Illinois at the time she resigned.

Defendant points out that plaintiff could have resigned on October 31, 1993, while she was an Illinois employee and would then have been entitled to vacation pay accrued during the 10 months she worked in Illinois in 1993. Magna Group argues that, since Herron chose to move to a Missouri office from which she subsequently resigned, she cannot now complain of her decision.

Herron worked in Illinois at all times until October 31, 1993. At the time of her transfer to Magna Group's Missouri office, Herron had worked for 10 months in 1993 in Illinois and had accrued vacation time during those months. Because of the company's stated policy not to compensate employees for vacation time in the same calendar year in which they worked, Herron could not seek compensation until 1994. The question presented for our determination is whether section 5 of the Illinois Wage Payment and Collection Act (820 ILCS 115/5 (West 1992)) and the employee manual entitle plaintiff to the vacation pay accrued while she was employed by defendant in Illinois even though she was working in Missouri at the time of her resignation.

■ Turning to the employee manual, we note three points. First, the language, "If employed in the State of Illinois, an employee *** is entitled to be paid all earned vacation time," does not require the employee to be employed in Illinois at the time of discharge or resignation. Rather, the phrase indicates that all earned vacation time is to be paid if the employee was employed in Illinois at the time he or she earned the vacation time. This brings us to the second point.

The employee manual itself indicates that *all* earned vacation time, accrued while employed in Illinois, is vested.

> "For *all time worked* (full completed months) during a particular year, *employees earn* a pro-rata portion of their *vacation entitlement* that they will be eligible to take the following year." (Emphasis added.)

Thus, according to defendant's own manual, plaintiff, who earned her vacation time while employed in Illinois, is entitled to reimbursement for all earned vacation pay.

The third point we note regarding the employee manual concerns the final part of the contract:

"No employment contract or policy can provide for forfeiture of earned vacation time upon separation under Illinois law."

The employee manual itself does not provide for the forfeiture of plaintiff's earned vacation time, yet that policy is what Magna Group is asking this court to enforce. If defendant's unwritten policy is that the employee must be employed in Illinois at the time of separation in order to be entitled to earned vacation credit, that policy is not only contrary to the employee manual, it also violates Illinois law.

Section 5 of the Illinois Wage Payment and Collection Act provides:

"Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.

Unless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and *no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.*" (Emphasis added.) 820 ILCS 115/5 (West 1992).

•2 Section 5 expressly includes the monetary equivalent of earned vacation as part of the final compensation to former employees. Further, the defendant's employee manual provides that if employed in the State of Illinois, an employee who resigns is entitled to be paid all earned vacation time not taken at the time of separation. In fact, the last sentence of section 5, "no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation," obviously provides a basis for the sentence in the employee manual referring specifically to Illinois law. (820 ILCS 115/5 (West 1992).) When an employee renders services to an employer, her right to receive the compensation that the employer promised vests as much as her right to receive wages or any other form of compensation. The employer must return those benefits that it derives from the continued labor of the employee. *Golden Bear Family Restaurants, Inc. v. Murray* (1986), 144 Ill. App. 3d 616, 627, 494 N.E.2d 581, 588; see also *Camillo v. Wal-Mart Stores, Inc.* (1991), 221 Ill. App. 3d 614, 582 N.E.2d 729.

Section 5 prohibits an employment policy which forfeits an employee's earned vacation pay upon separation. The vacation policies which Magna Group espouses in this case do precisely this. Magna Group desires to deprive plaintiff of her earned vacation pay even though the plaintiff was (in the words of Magna Group's employment manual) "employed in the State of Illinois" during 1993. Magna Group claims that the divestiture of vacation pay is proper because plaintiff resigned on a date when she was a Missouri employee. Magna Group's denial of plaintiff's entitlement to 1993 earned vacation pay relies on a specific date—the date of separation—rather than on whether plaintiff was employed in Illinois during 1993 and earned vacation pay during that year. This position is unsupported by law, logic, or any semblance of a concerned corporate policy for its employees.

As a matter of fact, it appears to this court that not only did defendant deny plaintiff's legitimate claim, force her to file an action, and delay her recovery by a questionable appeal, but it has been in violation of section 5 from the inception of its activities. Moreover, Magna Group's flippant attitude, as referenced by the statement in its brief that "plaintiff wants to have her cake and eat it too," is reminiscent of Marie Antoinette's comment directed toward the peasantry of France, "let them eat cake." Although no one has called for the tumbrel's wheels to roll to the waiting executioner, we are compelled to observe that the defendant's position in this case does not reflect the most enlightened corporate policy in this country.

Because plaintiff was an Illinois employee during 1993 and accrued earned vacation time not taken at the time of separation, we cannot find that the trial court erred in entering judgment for the plaintiff. For the foregoing reasons, the order of the Madison County circuit court is affirmed.

Affirmed.

MAAG, P.J., and HOPKINS, J., concur.